## HARRIS *v.* THE STATE.

No. 7632. FEBRUARY 12, 1931.

*Branch & Howard* and *E. L. Tiller,* for plaintiff in error.

*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* contra.

RUSSELL, C. J. Sam E. Harris was convicted of the offense of rape, and a sentence of ten to twenty years in the penitentiary was imposed. He moved for a new trial on the general grounds. The motion was overruled, and he excepted. From the evidence the accused was about middle-aged, and the victim was a girl six years old, the niece of the accused's wife. Her testimony was to the effect that he called her to his house and told her to get into the bed, after which he got in with her, pulled her bloomers down, and committed the crime. She testified that he told her he would give her money to let him hurt her. The testimony of three physicians who examined the child showed that she had been badly lacerated in the inner portions of her private parts, and that these lacerations could not have been made by a fall upon the foot of the bed, as was claimed by the defendant. It was proved by a servant and others that there was blood upon the bloomers of the child, upon the sheet on the bed where the defendant had her, and upon the spigot in the bathroom where she went shortly after the offense was committed. The servant, Lula Harris, heard the girl scream in the bathroom, and ran to the door, but found it fastened and could not get in, the defendant being in there with the girl. Her bloody bloomers were found later, where the defendant had stuffed them in the water-tank of the toilet. The bloody sheet was found in the closet of the bedroom. A few minutes later the accused went to the child's home next door, and got another dress for her, and brought it for her to put on, and then took her to a store and gave her a quarter, and she spent a nickel of it for a box of crackers. The mother of the victim, testified that the girl told her that her uncle (the defendant) had hurt her with his finger,

and that she fell astraddle of the footboard of the bed and hurt herself. Also that witness and the defendant went to town shortly thereafter, and while they were waiting for the car he said, "I wish I was dead and in hell," and repeated that several times on the trip.

The defendant in his statement (he introduced no evidence) said that he told the child to turn on the light so he could find his tie, and that she stepped up on the foot of the bed, and "directly I heard the light-cord hit the floor or something hit it, and I looked around and she was laying on the bed gasping or breathless; looked like she was trying to cry—to catch her breath. I went to her and pulled her over on the bed, shook her, worked on her, set her up on her feet."

The foregoing statement of facts sets forth in brief the evidence delivered to the jury, and upon which they acted in returning a verdict of guilty. It is not alleged that the court erred in his charge, or in admitting any testimony or in keeping it out. The only question in the case, then, necessarily must be whether the evidence was sufficient to authorize the jury to find the defendant guilty, or whether it was so insufficient as to require the trial judge to grant the accused a new trial. In order to complete the offense of rape, as defined in our Code, there must be a penetration of the private parts of the female. Three physicians who examined the child testified she was badly lacerated in the inner portions of her private parts. The defendant stated that he told the child to turn on the light, and that she stepped up on the foot of the bed. He looked around and she was lying on the bed gasping or breathless; looked like she was trying to cry—to catch her breath. The physicians all testified that the lacerations in the inner portion of her private parts could not have been made by a fall upon the foot of the bed. Other circumstances relative to the conduct of the defendant were introduced, and were for the consideration by the jury. The trial judge approved the verdict. In the circumstances we will not disturb or interfere with the exercise of that discretion with which the trial judge is invested. We can not say that he abused his discretion; and therefore it can not be said that the court erred in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent for providential cause.*